UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SANDRA COUVILLON BORNE                        CIVIL ACTION

VERSUS                                        NO: 15-631

CHEVRON U.S.A. HOLDINGS, INC.,                SECTION: J(3)
ET AL

**ORDER AND REASONS**

Before the Court is a *Motion to Remand* **(Rec. Doc. 22)** filed by Plaintiffs, Sandra Couvillon Borne, et al ("Plaintiffs"), an *Opposition* thereto (**Rec. Doc. 36)** by Defendants, Chevron U.S.A. Holdings, Inc., et al ("Defendants"), and Plaintiffs' *Reply* (**Rec. Doc. 41**). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **GRANTED.**

**PROCEDURAL AND FACTUAL BACKGROUND**

This matter is one of a number of lawsuits removed to this Court, commonly known as the "Oil Patch Cases." In 2013, Jefferson and Plaquemines Parishes filed a total of twenty-eight (28) lawsuits in state court against various oil and gas exploration and production companies, on behalf of themselves

1

and the State of Louisiana. The parishes claimed that the defendant companies violated state law and caused severe damage to Coastal Zones located throughout Jefferson and Plaquemines Parishes. The defendant companies subsequently removed all of these lawsuits to this Court.

On December 1, 2014, Judge Zainey issued an Order remanding the first Oil Patch Case, finding that the Court lacked federal jurisdiction to hear the matter. *Parish of Plaquemines v. Total Petrochemical & Refining USA, Inc.*, No. 13-6693, 2014 WL 6750649 (E.D. La. Dec. 1, 2014) (Zainey, J.). In his order, Judge Zainey determined that OCSLA jurisdiction did not provide a basis for federal jurisdiction, as defendants had not conducted any of their alleged injurious activities on the Outer Continental Shelf ("OCS"). *Id*. at *15. Judge Zainey also specifically concluded that in "saving to suitors" cases filed in state court, a basis for federal jurisdiction independent of general maritime law is required for removal. *Id*. at *20. Because Defendants failed to prove any other basis for jurisdiction, general maritime law did not allow removal. Following Judge Zainey's rulings, a number of judges within the Eastern District

followed suit, remanding the Oil Patch Cases before them for essentially the same reasons.[1]

The matter at hand differs from the previous Oil Patch Cases remanded by this Court in that it is brought by individual land owners. Here, Plaintiffs are individuals who possess joint ownership interests in three tracts of land located in Jefferson and Plaquemines Parishes.[2] In November 2014, Plaintiffs filed the present lawsuit in the 24th Judicial District Court for the Parish of Jefferson against eleven (11) separate defendants, all of whom are oil and gas exploration and production companies that operate wells and facilities in and around Plaintiffs' property. In their petition for damages, Plaintiffs first allege that Defendants' operations of these various wells and facilities were in violation of the State and Local Coastal Resources Management Act of 1978, La. R.S. § 49:214.21, *et seq*, ("SLCRMA"), which regulates the use of the Coastal Zone of

---

[1] Judge Africk remanded the case before him. *See Plaquemines Parish v. Rozel Operating Co.*, et al, No. 13-6722 (E.D. La. Jan. 29, 2015). Judge Lemelle remanded the four cases before him. *See Jefferson Parish v. Anadarko E&P Onshore LLC, et al*, No. 13-6701 (E.D. La. Mar. 9, 2015). Judge Feldman remanded the five cases before him. *See Plaquemines Parish v. HilCorp Energy Co., et al*, No. 13-6727 2015 WL 1954640 (E.D. La. Apr. 29, 2015). Judge Barbier remanded the two cases before him. *See Jefferson Parish v. Chevron U.S.A. Holdings, Inc., et al*, No. 13-6738 (E.D. La. May 12, 2015). Judge Morgan also remanded the case before her. *See Plaquemines Parish v. Linder Oil Company, et al*, No. 13-6706 (E.D. La. May 15, 2015).

[2] The land at issue in the instant matter is within and adjacent to the land that forms the subject of *Jefferson Parish v. Chevron U.S.A. Holdings, Inc, et al*, No. 13-6738 (E.D. La. May 12, 2015) (Barbier, J.).

Louisiana through a permitting system. Plaintiffs further allege that Defendants' violation of SLCRMA caused substantial damage to their land as well as waterbodies located in the "Coastal Zone" in Jefferson Parish. Plaintiffs also set forth several additional causes of action pursuant to Louisiana state law including: (1) negligence; (2) strict liability; (3) public nuisance; (4) private nuisance; and (5) third party beneficiary breach of contract. Plaintiffs first seek injunctive relief in the form of abatement and restoration of the coastal land that they allege has been damaged by Defendants. Plaintiffs also request monetary damages for the amount of land which they have allegedly lost as a result of Defendants' operations, as well as the cost of all future activities dependent on this lost land.

Defendants removed the present matter before this Court on February 27, 2015, alleging three bases for federal jurisdiction: (1) federal question jurisdiction; (2) the Outer Continental Shelf Lands Act (OCSLA); and (3) general maritime jurisdiction. Plaintiffs subsequently filed the instant motion seeking remand of this matter to state court, arguing that none of these three sources of law serve as a valid basis for federal jurisdiction.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of proving by a preponderance of the evidence that federal jurisdiction exists at the time of removal. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Ambiguities are construed against removal and in favor of remand, because removal statutes are to be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

## DISCUSSION

Defendants assert that removal is proper pursuant to three sources of law: (1) federal question jurisdiction; (2) OCSLA; and (3) general maritime law. The Court will consider each of these grounds for jurisdiction in turn.

### A. Federal Question Jurisdiction

As grounds for removal, Defendants first contend that Plaintiffs' petition for damages raises a federal question. A civil action originally filed in state court may be removed to federal court on the basis of federal question jurisdiction if that matter is "founded on a claim or right arising under the

5

Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b); *see also* 28 U.S.C. § 1331. In determining whether a matter has federal question jurisdiction, courts are to apply the "well-pleaded complaint rule," which considers whether a federal question is presented on the face of a plaintiff's "well-pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475, 118 S.Ct. 921 (1998) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425 (1987); *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42 (1908)). Because the well-pleaded complaint rule focuses solely on whether a plaintiff has "affirmatively alleged" a federal claim, "potential defenses . . . do not provide a basis for federal question jurisdiction." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328 (5th Cir. 2008) (citing *PCI Transp., Inc. v. Fort Worth & Western R. Co.*, 418 F.3d 535, 543 (5th Cir. 2005)). In fact, removal is not warranted pursuant to federal question jurisdiction "on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 13, 103 S.Ct. 2841 (1983).

Despite the applicability of the well-pleaded complaint rule, a claim which has origins in state law may still be found to arise under federal law if it falls within a "special and small category" of cases. *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013) (citing *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699, 126 S.Ct. 2121 (2006)). In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 125 S.Ct. 2363 (2005), the Supreme Court articulated the test for determining whether a claim falls within this narrow category, finding that federal question jurisdiction attaches to state law claims where:

> (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities.

*Singh v. Duane Morris LLP*, 538 F.3d 334 (5th Cir. 2008) (citing *Grable*, 545 U.S. at 314, 125 S.Ct. 2363)). However, the category of cases envisioned in *Grable* is a "slim" one. *Empire Healthchoice Assurance, Inc.*, 547 U.S. at 701, 126 S.Ct. 2121. Moreover, the "mere presence" of a federal issue or the necessity of interpreting federal law "does not automatically confer federal-question jurisdiction." *St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc., LLC*, 809 F. Supp. 2d 524, 536 (E.D. La. 2011) (Vance, J.) (citing *Merrell Dow Pharm.*

7

*Inc. v. Thompson*, 478 U.S. 804, 813, 106 S.Ct. 3229 (1986); *Fla. Marine Transporters, Inc. v. Trinity Marine Prods., Inc.*, No. 02-1902, 2002 WL 31246765, at *3 (E.D. La. Oct. 4, 2002)).

Here, Plaintiffs' Amended Complaint sets forth only state law causes of action and includes no reliance on federal law or regulations. Despite the notable absence of federal claims from the face of Plaintiffs' pleadings, Defendants assert that Plaintiffs' claim for negligence "necessarily raise[s] questions of federal law." (Rec. Doc. 36, p. 6). Defendants note that in order for Plaintiffs to prevail on their claim for negligence, they must prove that Defendants owed Plaintiffs a duty of care, which they breached. In order to establish said duty for claims arising after 1978, Defendants submit that Plaintiffs will likely rely on SLCRMA. However, prior to 1978, the year SLCRMA was enacted, Defendants note that the only regulations governing activities affecting Coastal Zones were contained in an exclusively federal regulatory scheme, consisting of the federal Clean Water Act, the federal Rivers and Harbors Act, and the federal Coastal Zone Management Act. (Rec. Doc. 36, p. 7). Because Plaintiffs will be forced to rely on these federal laws in order to establish that Defendants breached a duty prior to 1978, Defendants assert that the Court will need to apply and interpret federal law. Defendants further maintain that the

federal issue implicated by Plaintiffs' negligence claim for damages sustained prior to 1978 is so pervasive and substantial as to satisfy the four *Grable* factors and implicate federal question jurisdiction. The Court is not persuaded.

Nowhere in Plaintiffs' petition for damages is it alleged that Defendants breached a duty imposed by a purely federal regulatory scheme governing coastal activities prior to 1978. Instead, in their original petition, Plaintiffs allege that Defendants violated "the standard of care as prescribed in the regulatory framework outlined above." (Rec. Doc. 1-3, p. 6). However, prior to this allegation in the petition, the only mention of a regulatory framework governing coastal activities in the petition is in regard to SCLRMA. Plaintiffs make no mention of any federal law or regulation which Defendants may have violated. Moreover, Plaintiffs clarify the exact regulatory scheme to which they are alluding in their amended petition for damages. In this amended petition, Plaintiffs specify that "the complained-of operations and activities were prohibited prior to 1978 by various provisions of the Louisiana Statewide Orders 29, 29-A, and 29-B, various field wide orders, as well as various orders of the Louisiana Stream Control Commission." (Rec. Doc. 1-24, p. 5). It is apparent that these are all state regulations, which directly contradicts Defendants' contention

9

that "no state statutory law provided a duty or standard of care for Defendants' pre-1978 activities." (Rec. Doc. 36, p. 11). Defendants make no mention of this portion of Plaintiffs' amended petition in their Notice of Removal, and, instead, lead the Court to believe that Plaintiffs are required to rely solely on federal law in order to prove a breach of the duty of care.

Because Defendants base their entire argument for the existence of federal question jurisdiction on their contention that Plaintiffs fail to allege violations of state law prior to 1978, which the Court has found to be incorrect, an in-depth consideration of the various *Grable* factors is unnecessary. No federal issue has been raised by either Plaintiff's original petition or their amended petition, least of all one the Court would deem "substantial." Because none of Plaintiffs' claims arise under federal law, this matter lacks federal question jurisdiction.

### B. OCSLA

Defendants next assert that OCSLA provides an independent basis for federal jurisdiction because this matter arises out of operations which were conducted on the OCS. This matter is controlled by the test for OCSLA jurisdiction articulated in *In re Deepwater Horizon*, 745 F.3d 157 (5th Cir. 2014):

> Courts typically assess jurisdiction under [OCSLA] in terms of whether (1) the *activities that caused the injury* constituted an "operation" "conducted on the Outer Continental Shelf" that involved the exploration and production of minerals, and (2) the case "arises out of, or in connection with" the operation.

*Id.* at 163 (emphasis added). In *Total*, Judge Zainey thoroughly and extensively considered whether OCSLA jurisdiction attached to the Oil Patch cases. *See Total*, 2014 WL 6750649, at *14-19. Because none of the defendants' allegedly injurious activities occurred on the OCS, Judge Zainey ultimately concluded that the defendants failed to satisfy the first prong of the *In re Deepwater Horizon* test, and OCSLA jurisdiction did not attach. *Id.* at *16. Moreover, in *Jefferson Parish v. Chevron U.S.A. Holdings, Inc, et al,* in which the claims and land at issue is indistinguishable from the current matter, this Court concluded that OCSLA jurisdiction did not attach, because "the undisputed evidence shows that the activities causing the complained of injuries were conducted on land as opposed to on the Outer Continental Shelf." No. 13-6738 (Rec. Doc. 73) (E.D. La. May 12, 2015).

Because Defendants have raised essentially no new arguments to effectively distinguish this matter from the previous holdings of this Court, the Court finds no reason to depart from these prior holdings.

11

C. **General Maritime Law**

Thirdly and finally, Defendants assert that federal jurisdiction attaches to this matter pursuant to general maritime law. As with the issue of OCSLA jurisdiction, this issue has already been extensively and thoroughly considered by the Court in *Total* and its progeny. Defendants recognize that this Court has repeatedly rejected the argument that the 2011 amendments to the federal removal statute rendered maritime claims independently removable. (Rec. Doc. 36). Despite these repeated holdings, including those in *Total*, etc., Defendants continue to assert that the 2011 amendments allow for such removability and request that this Court certify the issue for appeal to the Fifth Circuit. Defendants make no attempt to distinguish their arguments from those raised in *Total* and *Rozel*. As such, the Court agrees with the holding in *Rozel*, and finds that the 2011 amendments have not altered the "long-standing rule that general maritime law claims require some other non-admiralty source of jurisdiction to be removable." *Rozel*, 2015 WL 403791, at *4 (citing *Gregoire v. Enterprise Marine Servs., LLC*, 38 F. Supp. 3d 749, 764 (E.D. La. 2014) (Duval, J.) (internal quotations omitted)). The Court also declines to exercise its discretion to certify this question for appeal.

Because general maritime law does not provide an independent basis for removal of this matter, it is unnecessary to consider Defendants' arguments regarding whether this action meets the prerequisites for maritime jurisdiction.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Remand* (**Rec. Doc. 22**) is **GRANTED**.

New Orleans, Louisiana this 26th day of May, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE